**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BENNETT RIMMER**                                                                                                    **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:23-CV-00198-TBM-RPM**

**HANCOCK COUNTY, MISSISSIPPI;**
**KODIE KOENNEN;**
**TRENT FAVRE and**
**JOHN DOE BUSINESS 1-5.**                                                                                **DEFENDANTS**

**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

This is an action to recover actual and punitive damages for retaliation under the United States Constitution. The following facts support the action:

1.

Plaintiff, Bennett Rimmer, is an adult resident citizen of Hancock County, Mississippi who may be contacted through undersigned Counsel.

2.

Defendant, HANCOCK COUNTY, is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 152 Main Street, Bay St. Louis, MS 39520..

Defendant, Kodie Koennen, is sued both in his individual capacity and as a supervisor of Hancock County. Koennen may be served with process at 882 Maili Place, Diamondhead, Mississippi 39525.

Defendant, Trent Favre, is sued both individually and in his official capacity as the Hancock County Youth Court Judge and may be served with process at 856 Highway 90 Suite B, Bay Saint Louis , MS 39520

Defendants designated as John Doe Business 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Rimmer for the claims asserted herein. Rimmer will amend his Complaint once the identities of the unknown Defendants are learned.

3.

This court has jurisdiction and venue is proper, because Rimmer's employment relationship with the Defendant/s was based out of and revolved around Hancock County in the state of Mississippi.

4.

Rimmer worked for Hancock County as a public defender in the Youth Court beginning in or about January of 2022. As an employee of Hancock County Rimmer reported his hours directly to the County through the Board of Supervisors. In addition, and upon information belief, the County entered into an agreement with the Mississippi Office of the State Public Defender whereby Rimmer was to be a County Employee who would be appointed to the Youth Court. The Mississippi Office of the State Public Defender would help provide support to the County and Rimmer, including training.

In accordance with the Mississippi Administrative Office of Court (AOC), Youth Court Personnel, although appointed by the judge to their respective positions, are County Employees and not judiciary employees.

As a County Employee, Rimmer was appointed by Judge Trent Favre to serve as the Parent Representative in Hancock County Youth Court. Rimmer was paid by the County and was represented to PERS as a Hancock County Employee. Rimmer was also required to abide by Hancock County's policies and procedures and to attend training through the County as a County employee.

5.

Rimmer did an excellent job working for Hancock County and had been given a raise when this cause of action arose. In addition, Rimmer routinely received positive feedback from his supervisor, Trent Favre. Rimmer received positive feedback from his supervisor the day before his termination, discussed further herein.

6.

Koennen, a current county supervisor at the time of the events complained of herein, entered the 2023 race to be the Chancery Clerk of Hancock County. At some point in 2023, the Defendants became aware that Rimmer was supporting a candidate for Chancery Clerk other than Koennen.

7.

The week of April 17th 2023 the Defendants became aware that Rimmer was looking into the educational background claims of Koennen. Within 24 hours (April 19, 2023) Rimmer was removed from his position as a public defender in the Hancock County Youth Court by Trent Favre.

Subsequent to Trent Favre's removal of Rimmer from Youth Court, the County then voted to terminate Plaintiff as an employee of the County. Members of the Board were aware of the retaliatory nature of the termination, yet still voted in favor of terminating Rimmer's employment as an employee of Hancock County. In fact, Koennen even participated in and voted to remove Rimmer as a County employee.

8.

The Defendants retaliated and discriminated against Rimmer because Rimmer would not support Koennen in the campaign and was actively supporting another candidate.

9.

Upon information and belief, Koennen interfered with Rimmer's employment by contacting Judge Favre (Rimmer's direct supervisor) and demanding that Rimmer be terminated because Rimmer supported another candidate for chancery clerk. Judge Favre knew, or should have known, the unlawful basis of Koennen's demands because there was not another basis for Rimmer's termination. Koennen's individual actions constitute the tort of intentional interference with employment/business relationships as these actions were undertaken with malice based upon Rimmer's political preferences.

Alternatively, Judge Favre undertook the termination of Rimmer on his own accord in retaliation for Rimmer's political activity.

## ALLEGATIONS OF LAW

1. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

2. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Hancock County.

3. Judge Favre, acting in his official capacity as a youth court judge with Hancock County, was acting outside his judicial duties when he terminated Rimmer in violation of the law. Judge Favre had final, policy making authority regarding human resources and the appointment of County Employees to the Youth Court – as set by state law. Therefore, no judicial immunity applies to Favre and Hancock County is liable for this action.

4. Judge Favre's authority in this regard is similar to that of a sheriff, wherein the sheriff is the final policy maker for the county in regards to matter of law enforcement, as set by statute.

5. It is the custom and policy of the Defendants to violate the procedural and substantive due process rights of individuals such as Rimmer. When someone speaks up in Hancock County, the officials therein undertake a course of action to discredit and ruin the reputation of those people.

6. It is the policy and custom of the Defendant to, in violation of Plaintiffs' rights, unlawfully interfere with Plaintiff's rights. In this case, the Supervisors for Hancock County ratified the unlawful and retaliatory acts of Judge Favre by ratifying the actions and voting to terminate Rimmer as an employee of Hancock County.

7. Defendants' actions are in bad faith and were intended and designed to punish Plaintiff. The Defendants' actions were and are designed to chill the free speech rights of Rimmer and others who may support candidates outside the chosen circle within Hancock County.

8. At all times relevant to this action, Plaintiffs' rights were clearly established in that Rimmer had the right to support any candidate for office that he so chose. At all times relevant to this action, Defendants violated Plaintiffs' constitutional rights.

9. Defendants' actions evidence malice and/or constitute willful misconduct.

## COUNT I IN VIOLATION OF 42 U.S.C. 1983
### 1st Amendment

Rimmer spoke out on a matter of public concern wherein Rimmer was supporting a political candidate of his choice, who happened to not be Koennen. Upon information and belief, several other supervisors and Judge Favre prefer Koennen as the next chancery clerk. Some supervisors were aware of the retaliatory nature of the decisions and still voted to terminate Rimmer as a County employee.

Persons associated with Koennen, with the blessing of Koennen, had previously attempted to chill Rimmer's free speech rights. These prior attempts by the Defendants to interfere with Rimmer's rights were not successful.

In response to Rimmer's support of another candidate, Hancock County retaliated and terminated Rimmer. Judge Favre removed Rimmer as the parent representative and the County voted to terminate Rimmer's employment. The Defendants' actions were and are unlawful and done in violation of the 1st Amendment. The Defendants have no good faith basis to terminate Rimmer, and any given reason post-termination would be wholly pretextual.

## COUNT II IN VIOLATION OF STATE LAW
### Intentional Infliction of Emotional Distress – FAVRE AND KOENNEN

The Defendants' actions also constitute the tort of intentional infliction of emotional distress wherein the Defendants' actions are outrageous. The Defendant sought to punish and inflict harm on Rimmer as complained of herein for Rimmer's attempts to exercise his 1st Amendment rights.

## COUNT III IN VIOLATION OF STATE LAW
### Malicious Interference with Employment/Business Relationships - KOENNEN

Upon information and belief, Koennen interfered with Rimmer's employment by contacting Judge Favre (Rimmer's direct supervisor) and demanding that Rimmer be terminated. Judge Favre knew, or should have known, the unlawful basis of Koennen's demands because there was not another basis for Rimmer's termination. Koennen's individual actions constitute the tort of intentional interference with employment/business relationships as these actions were undertaken with malice based upon Rimmer's political preferences.

## PRAYER FOR RELIEF

Rimmer prays for actual, compensatory, pecuniary, non-pecuniary, special, and punitive damages in the amount to be determined by a jury and for reasonable attorney's fees.

THIS the 28th day of December, 2023.

Respectfully submitted,

**BENNETT RIMMER**
**Plaintiff**

 */s/* Daniel M. Waide
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-812-5159 (OFFICE)
601-582-4556 (FAX)
dwaide@kirkendalldwyer.com

## CERTIFICATE OF SERVICE

  I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the ECF system, which will send notification of such filing to all counsel of record.

  This the 28th day of December, 2023.

                    /s/ Daniel M. Waide
                    DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-812-5159 (OFFICE)
601-582-4556 (FAX)
dwaide@kirkendalldwyer.com