IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BENNETT RIMMER**                                                                 **PLAINTIFF**

v.                                                                 CAUSE NO. 1:23CV198-LG-RPM

**HANCOCK COUNTY, MISSISSIPPI;
KODIE KOENNEN, in his individual
capacity and official capacity as
Hancock County Supervisor; TRENT
FAVRE, in his individual capacity
and official capacity as Hancock
County Youth Court Judge; and
JOHN DOE BUSINESS 1-5**                                                    **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART [45] MOTION FOR JUDGMENT ON THE PLEADINGS

**BEFORE THE COURT** is the [45] Motion for Judgment on the Pleadings filed by Hancock County, Kodie Koennen in his official capacity, and Judge Trent Favre in his official capacity. Plaintiff Bennett Rimmer filed a Response in opposition to portions of the Motion filed by Defendants but failed to file the required memorandum brief. Defendants jointly filed a Reply to Plaintiff's Response. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds the [45] Motion for Judgment on the Pleadings is granted in part and denied in part.

### I. BACKGROUND

According to the allegations in the Amended Complaint, Plaintiff became an employee of the Youth Court in Hancock County, Mississippi, beginning on or about

- 1 -

January of 2022.  By agreement with the Mississippi Office of the State Public Defender, Plaintiff would be a Hancock County employee after appointment by the Hancock County Youth Court Judge, Trent Favre.  In 2023, Koennen—a Hancock County Supervisor—entered the race for Hancock County Chancery Clerk.  Plaintiff alleges that Defendants became aware that Rimmer was supporting a different Chancery Clerk candidate.  According to Plaintiff, Koennen contacted Judge Favre and demanded that Plaintiff be terminated.  On April 19, 2023, Judge Favre removed Rimmer from his position with the Youth Court.  Plaintiff further alleges that Hancock County officials voted to terminate Plaintiff as an employee of Hancock County, Mississippi with knowledge of the retaliatory nature of the termination.  As a result of his alleged unlawful termination Rimmer asserts claims pursuant to 42 U.S.C. § 1983, and supplemental state claims against Hancock County, Mississippi, Judge Trent Favre, and Kodie Koennen, in their individual and official capacities.

## II.  DISCUSSION

The standard of review for a Rule 12(c) motion is identical to that of Rule 12(b)(6) motions.  *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022) (citation omitted).  The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'" under a Rule 12(b)(6) motion to dismiss.  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**Duplicative Claims**

Plaintiff brought suit against Hancock County, Mississippi, and against Defendants Judge Favre and Koennen in both their individual and official capacities.  In this Motion, Defendants argue that the official capacity claims against Koennen and Judge Favre are duplicative and must be dismissed.

Unfortunately, it has become a common practice at the pleading stage to cavalierly cast a wide net in an effort to ensnare any public office under the claim of "official capacity" liability, even though the governmental entity is already a defendant.  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).  Where there are duplicate claims against the officers and the respective governmental entity, a court should dismiss claims against the officers in their official capacities. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (citation omitted).  Because Plaintiff has also sued Hancock County, Mississippi, the official capacity claims against Judge Favre and Mr. Koennen are duplicative and will be dismissed.

**Intentional Infliction of Emotional Distress**

Count II of the Amended Complaint is titled "VIOLATION OF STATE LAW Intentional Infliction of Emotional Distress—*FAVRE AND KOENNEN*. (emphasis added). The body of the Count II alleges "The *Defendants'* actions also constitute the tort of intentional infliction of emotional distress wherein the *Defendants'* actions are outrageous. The *Defendant* sought to punish and inflict harm on Rimmer as complained of herein for Rimmer's attempts to exercise his 1st Amendment rights." (emphasis added).

Plaintiff did not respond or provide a memorandum brief addressing the arguments made by the Defendants, regarding claims for intentional infliction of emotional distress.[1] Moreover, Count II of Plaintiff's Amended Complaint amounts to a "shotgun pleading." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) ("[T]here is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."); *see also Slocum v. Allstate Ins. Co.*, No. 2:19-CV-153-KS-MTP, 2020 WL 428021, at *6 (S.D. Miss. Jan. 27, 2020) ("[S]hotgun pleadings are disfavored . . . . [because the plaintiff] lumps all Defendants together and makes no differentiation between Defendants as to any action taken.").

---

[1] "Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response *and memorandum brief* in support of the response." *See* L.U.Civ.R. 7(b)(4)(emphasis added).

As with most shotgun pleadings, the Court is left to guess whether Plaintiff intended that his intentional infliction of emotion distress claim be brought collectively against all defendants, including Hancock County, Mississippi, or only against Judge Favre and Koennen in their official capacity, or individually, or against only one of them.

The Court has already determined that the claims against Judge Favre and Koennen in their official capacity are dismissed as duplicative and declines to speculate about the who, what, and how of Count II as against Hancock County, Mississippi,[2] or Judge Favre or Koennen in their "official capacity."  Since the allegations in Count II of the Amended Complaint are conclusory and do not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570), the Motion will be granted and Count II will be dismissed subject to any future motion to amend the Amended Complaint.

**Final Policymaker**

Defendants argue that "Judge Favre is not a final policymaker for Hancock County," and therefore "Plaintiff's First Amendment § 1983 claim against the County fails." *See* [45 ¶4].  The Court is not persuaded.

---

[2] Ordinarily the Mississippi Tort Claims Act (MTCA) provides governmental entities immunity for claims of intentional infliction of emotion distress. *See Mark v. City of Hattiesburg*, 362 So. 3d 1099, 1105–06 (Miss. Ct. App. 2019), *aff'd,* 289 So. 3d 294 (Miss. 2020).

42 U.S.C. § 1983 provides a cause of action against a person who, acting under color of state law, violates an individual's rights secured by the Constitution or federal law. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (citation omitted); 42 U.S.C. § 1983. A county is a "person" and may be sued under § 1983. *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). In order to demonstrate the county's violation of § 1983, Plaintiff must show "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *See Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). The determination of whether an official has final policymaking authority is a question of law, *Gros v. City of Grand Prairie*, 181 F.3d 613, 617 (5th Cir. 1999) (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)), and identifying the final policymaker can be addressed by the Court at the pleading stage. *See, e.g., Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 504 (5th Cir. 2019).

Judges charged by state statute "with the performance of…administrative chores in the day-to-day governance of the county" act as a final policymaker for the county, *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980), unless the statute narrows discretion such that the judge merely effectuates the State's policy. *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988).

Under Mississippi law, the youth court judge "has the exclusive, sole and only lawful authority to appoint and/or employ . . . Youth Court [personnel]." *Touart v.*

*Johnston*, 656 So. 2d 318, 323 (Miss. 1995); Miss. Code Ann. § 43-21-119.  The county board of supervisors cannot "exercise any authority over or interfere with the lawful operation of the Youth Court" apart from setting the budget and constructing and maintaining the youth court facilities.  656 So. 2d at 323 (citation omitted); Miss. Code Ann. § 43-21-123.

Based upon the allegations in the Amended Complaint, Judge Favre exercised his discretion under Mississippi law to appoint the Plaintiff and by agreement, Hancock County, Mississippi, administered the appointment made by Judge Favre.  In the opinion of the Court, Judge Favre, through the exercise of the statutory authority to appoint or terminate Youth Court personnel became—for that occurrence—the final policymaking authority for Hancock County, Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [45] Motion For Judgment on the Pleadings by Trent Favre and Kodie Koennen in their official capacity is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [45] Motion For Judgment on the Pleadings by Hancock County, Mississippi is **GRANTED** on the claim in Count II of the Amended Complaint.  All further relief as requested is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2024.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE